**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | |
|---|---|
| Creative Photographers Inc., a New York corporation, § § § *Plaintiff*, § § v. § § Starla Beverages, LLC, a Texas limited liability company d/b/a "Starla Wines," and Does 1 through 10, § § § § § *Defendants*. § | Case No. 4:24-cv-00229 PLAINTIFF'S COMPLAINT FOR COPYRIGHT INFRINGEMENT Jury Trial Demanded |

**PLAINTIFF'S ORIGINAL COMPLAINT**

Plaintiff Creative Photographers Inc. ("**CPi**"), through its undersigned attorneys, hereby prays to this honorable Court for relief based on the following:

### I.   JURISDICTION AND VENUE

1. This action arises under the Copyright Act of 1976, Title 17 U.S.C., § 101 *et seq*.

2. This Court has federal question jurisdiction under 28 U.S.C. § 1331 and 1338 (a) and (b).

3. Venue in this judicial district is proper under 28 U.S.C. § 1391(c) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

### II.   PARTIES

4. CPi is a New York corporation with its principal place of business located at 135 East 57th Street, 14th Floor, New York, New York 10022. CPi, a full-service rights managed collection, represents an elite group of photographers for editorial and commercial licensing.

5. Defendant Starla Beverages, LLC ("**Starla Wines**") is a limited liability company d/b/a "Starla Wines" that is organized and existing under the laws of the state of Texas, with its primary place of business located at 5010 Manchester Road, Lewisville, Texas 75077. Starla Wines may be served with summons on its registered agent Dawn Maire at 4131 N. Central Expressway #900, Dallas, Texas 75204. Starla Wines is the owner, operator, and/or controller of its Instagram account at https://www.instagram.com/starlawines/.

6. Defendants Does 1 through 10, are other parties not yet identified who infringed CPi's copyrights, contributed to the infringement of its copyrights, or engaged in one or more of the wrongful practices alleged herein. The true names, whether corporate, individual or otherwise, of Defendants 1 through 10 are presently unknown to CPi, who therefore sues said Defendants by such fictitious names, and will seek leave to amend this Complaint to show their true names and capacities when same have been ascertained.

7. At all times relevant hereto, each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment; and actively participated in or subsequently ratified and/or adopted each of the acts or conduct alleged, with full knowledge of all the facts and circumstances, including, but not limited to, full knowledge of each violation of Plaintiff's rights and the damages to Plaintiff proximately caused thereby.

### III.   CAUSE OF ACTION

#### Count One – For Copyright Infringement – Against All Defendants

8. CPi is the exclusive administrator, syndicator, and licensing agent for the following original photo registered with the U.S. Copyright Office and the copyrights therein ("**Subject**

**Photograph**"):



CPi represents the photographer who took the Subject Photograph and has standing to maintain this action under 17 U.S.C. § 501(b).

9. Following the publication and display of the Subject Photograph, each Defendant copied, stored, displayed, published, reproduced, distributed, created derivative works of, and/or otherwise exploited the Subject Photograph in various ways, including on Starla Wine's Instagram account, without a license, authorization, or consent from CPi. A screen capture of one of said uses is set forth below:



13. Each Defendant had access to the Subject Photograph, including through CPi's and/or the relevant photographer's website(s), profiles, exhibitions, and/or social media accounts; and/or through third-party websites or Internet search engines, and each Defendant copied, stored, displayed, published, reproduced, distributed, created derivative works of, and/or otherwise exploited the Subject Photograph on Starla Wine's Instagram account without a license, authorization, or consent from CPi.

14. Prior to initiating litigation, CPi, through its attorneys, contacted Starla Wines on numerous occasions and demanded that Starla Wines remove the infringing work at issue and resolve the dispute on a reasonable basis. Despite the foregoing, Starla Wines failed to respond.

15. Due to Defendants' acts of copyright infringement, CPi suffered damages in an amount to be established at trial. Due to Defendants' acts of copyright infringement, Defendants obtained profits they would not have realized but for their infringement of the copyrights in the Subject Photograph. As such, CPi is entitled to disgorgement of Defendants' profits attributable to their infringement of the copyrights in the Subject Photograph in an amount to be established at trial.

16. CPi is informed and believes and thereon alleges that each Defendant committed acts of copyright infringement, as alleged above, which were willful, intentional and malicious, which further subjects each Defendant to further damages.

## IV.   JURY DEMAND

17. Plaintiff demands a jury trial on all issues so triable pursuant to FED. R. CIV. P. 38 and the 7th Amendment to the United States Constitution.

## PRAYER FOR RELIEF

Wherefore, Plaintiff prays for judgment as follows:

a. That Defendants, their affiliates, agents, and employees be enjoined from infringing Plaintiff's copyrights in and to the Subject Photograph.

b. That Plaintiff be awarded all profits of each Defendant, plus all losses of Plaintiff, plus any other monetary advantage gained by the Defendants through their infringement, the exact sum to be proven at the time of trial, or, if elected before final judgment, statutory damages to the extent they are available under the Copyright Act, 17 U.S.C. § 101 et seq.;

c. That Plaintiff be awarded its costs and attorneys' fees to the extent they are available under the Copyright Act, 17 U.S.C. § 101 et seq.;

d. That Plaintiff be awarded pre-judgment interest as allowed by law;

e. That Plaintiff be awarded the costs of this action; and

f. That Plaintiff be awarded such further legal and equitable relief as the Court deems proper.

Dated:  March 14, 2024                    Respectfully Submitted,

By: _____
Robert Cherry, Esq.
State Bar No. 24103780
**DONIGER /BURROUGHS**
2900 S. Congress Ave, #101
Austin, Texas 78704
Telephone: (512) 856-4319
Email: rcherry@donigerlawfirm.com

*Attorney for Plaintiff*